**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERONICA RODRIGUEZ, | ) Case No. CV 14-9777-R (JPR) |
| Petitioner, | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. |
| v. | ) MAGISTRATE JUDGE |
| D.K. JOHNSON, Warden, | ) |
| Respondent. | ) |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On March 4, 2016, Petitioner filed objections to the R&R, in which she mostly argues the merits of her untimely claims. Some of her contentions, however, warrant a response.

Petitioner appears to argue that she is entitled to a later trigger date for one of her claims because she didn't learn of trial counsel's apparent failure to interview her brother or doctor until she "started writing the first petition" (Objections at 4), which she filed in the state superior court on March 1, 2012 (Lodged Doc. 8). But as fully discussed in the R&R (R&R at 10-11), nothing shows that she could not have earlier discovered

1

counsel's alleged failure to interview them had she exercised due diligence. Indeed, as the R&R noted (R&R at 11), she presumably would have known at the time of trial that her brother allegedly owned the bullets found in her house and her doctor had prescribed her Zoloft, and she could have at that time ascertained whether her lawyer had investigated those issues.

Petitioner also seems to assert that she was not aware of the basis of her failure-to-investigate claim at the time of trial because she was "not trained to know a defense on a criminal matter" and was "under heavy medication that clouded her thinking." (Objections at 5.) But as the R&R noted (R&R at 11), the limitation period for filing a federal habeas petition begins when a petitioner could have discovered a claim's factual predicate, not upon her recognition of its legal significance. And as the R&R also noted (R&R at 14), Petitioner does not claim that she continued to take such allegedly debilitating psychiatric medication during the limitation period, which ran from August 2010 to August 2011; rather, she asserts that the medications were prescribed to her in jail and affected her when she entered a plea and during trial (see Pet. at 7, 41-42;[1] Objections at 4 (alleging that during trial, Petitioner was "under heavy medication" that "clouded [her] mind")). Indeed, Petitioner now states in her Objections that her medication was changed when she arrived at prison from jail on November 4, 2008 (Objections at 6), and she does not allege that any new

---

[1] For the Petition, the Court uses the pagination provided by its Case Management/Electronic Case Filing system.

2

medication administered by the prison continued to "cloud" her thinking such that she was unable to discover the factual predicate of her claims before the limitation period began.[2]

Petitioner also alleges that while she was housed at "VSPW" (presumably, Valley State Prison for Women), "there were many lockdowns which [sic] some lasted about 5 weeks at a time" and "[j]ust about every other month, there was a lockdown." (Objections at 2.) Petitioner, however, fails to explain when she was at VSPW, when these lockdowns occurred there, how they prevented her from filing a timely federal petition, or whether she exercised reasonable diligence in pursuing her rights despite the lockdowns. See Holland v. Florida, 560 U.S. 631, 649 (2010) (petitioner is entitled to equitable tolling only if she shows that she has been pursing rights diligently and "extraordinary circumstances" prevented timely filing); Norwood v. Lockyer, 390 F. App'x 762, 763 (9th Cir. 2010) (finding petitioner not entitled to equitable tolling in part because temporary lockdowns

---

[2] In any event, even if the limitation period started to run on March 1, 2012, when Petitioner filed her first habeas petition raising the failure-to-investigate claim, her federal Petition likely would still be untimely. The limitation period would have been tolled until November 21, 2012, when the superior court denied her first and second state habeas petitions. (Lodged Doc. 8.) Petitioner did not successfully file her next state petition until May 22, 2014 (Lodged Doc. 9); she likely would not be entitled to gap tolling for the 18-month period between the state petitions because it vastly exceeded the 30 to 60 days normally considered reasonable. See Evans v. Chavis, 546 U.S. 189, 201 (9th Cir. 2006) (refusing to apply tolling to unexplained six-month gap). Thus, the limitation period would have started running on November 22, 2012, and expired one year later, on November 21, 2013. Petitioner did not file her habeas Petition until 13 months later, in December 2014.

3

were not "circumstances that are out of the ordinary for prison life or that would have made it 'impossible' to file on time"). As such, Petitioner has failed to meet her burden of demonstrating that she is entitled to equitable tolling based on prison lockdowns.

IT THEREFORE IS ORDERED that the Petition is denied, Petitioner's request for appointment of counsel is denied, and Judgment be entered dismissing this action with prejudice.[3]

DATED: MARCH 28, 2016

_____
MANUEL L. REAL
U.S. DISTRICT JUDGE

---

[3] The R&R found that the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) was appropriately calculated from the date Petitioner was resentenced, in June 2010, and not from the date the trial court imposed a restitution order, in November 2010. (See R&R at 8-9 & n.5.) The R&R's analysis is supported by the Ninth Circuit's recent decision in United States v. Gilbert, which found in the context of a § 2255 petition that "when a judgment imposes a sentence but leaves the amount of restitution to be determined, the one-year statute of limitations . . . does not restart when the specific amount of restitution is later entered." 807 F.3d 1197, 1201 (9th Cir. 2015). In any event, as discussed in the R&R (R&R at 16 n.8), even if the limitation period is calculated from the date the restitution order became final, the Petition would still be untimely.

4